NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO MENDOZ RAYMUNDO, Petitioner, v. JEFFERSON B. SESSIONS III, Attorney General, Respondent. | No. 12-74247 Agency No. A029-186-578 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 14, 2017
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EATON,** Judge.

Petitioner Francisco Mendoz Raymundo petitions for review of the Board of

Immigration Appeals' ("BIA") decision denying his motion to reopen removal

proceedings. We grant the petition and remand.

1. The BIA concluded that Raymundo failed to show that he was part of a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

cognizable social group because it found that the case that he relied on, *Tchoukhrova v. Gonzales*, 404 F.3d 1181 (9th Cir. 2005), *vacated sub nom*. *Gonzales v. Tchoukhrova*, 549 U.S. 801 (2006), "is not good law." The BIA's failure to conduct any further analysis was an abuse of discretion. The Supreme Court vacated *Tchoukhrova* for reasons completely unrelated to the definition of particular social groups for individuals seeking asylum and related relief. *See Tchoukhrova*, 549 U.S. 801; *Gonzales v. Thomas*, 547 U.S. 183 (2006). We therefore grant the petition and remand for the BIA to analyze this issue in the first instance in light of *Arteaga v. Mukasey*, 511 F.3d 940, 944–45 (9th Cir. 2007) and *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1084–85, 1087–91 (9th Cir. 2013) (en banc). *See Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002) (remanding motion to reopen, in part, because the BIA failed "to engage in any substantive analysis" of the petitioners' claim).

2. The BIA also failed to adequately analyze, and in one instance misstated, the record evidence in concluding that Raymundo failed to submit credible, direct, and specific evidence to support his fear of persecution. For example, the State Department's 2010 Country Report on Mexico found "widespread human rights abuses in mental institutions across the country," including "the use of physical and chemical restraints and lobotomies on patients." Yet the BIA erroneously characterized Raymundo's evidence as "limited" to "reports on conditions of

2

general violence in Mexico and inferior resources for treatment of mental health." Because "the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions," *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), we remand for the BIA to engage in this analysis in the first instance.

**PETITION GRANTED and REMANDED.**